JAMES T. GLEAVES *vs.* JAMES H. FERGUSON.

April Term, 1876.

PRACTICE—EXCEPTIONS TO MASTER'S REPORT—NEW RULE.—It is the duty of counsel, upon filing exceptions to a master's report, where the exceptions, are based upon evidence in the cause, to bring such exceptions at once to the notice of the master, and the master shall, thereupon, consider such excep-

tions *instanter*, and, if he thinks them well taken, make a supplemental report to that effect, and, if not, sustain his report by referring by page to the particular parts of the record upon which he bases each item excepted to.

THE CHANCELLOR :—In this case, as well as in other cases which have come before me at this term, my attention has been called to a grave defect in our rules of practice.

By the settled practice of the court of chancery in England, based, it seems, on the order of Lord Keeper North, made on the 29th of October, 1683 (Beames' Orders, 258), parties, upon reference to take accounts, were required to bring in their objections before the master, in the first instance, in order to have the benefit of them by exceptions before the court. We learn from Chief Baron Gilbert's Forum Romanum that this "good rule," as he calls it, was not strictly followed when he wrote. (Am. ed. 164.) He deprecates the loose practice prevailing, for the reason that, if the party had objected, he might have shown the master his error, and the report could have been altered in that particular, and never troubled the court. Afterwards the rule was more strictly enforced. "But note," says Harrison (Ch. Pr. 116, 1st Am. ed.), "the party cannot regularly file exceptions to any report unless he first bring in objections to the draft of the report, and be heard before the master thereupon ; otherwise, such party gives the court unnecessary trouble, and creates unnecessary expense to the other party, in bringing exceptions to be determined by the court which probably might have been determined before the master and allowed by him, on arguing before him objections to the draft of the report, and very great inconvenience may arise if this rule is not adhered to."

Subsequently the rule became more imperative. In *Jones* v. *Powell*, 1 Sim. 387, the Vice-Chancellor said : " The court had laid it down as an inflexible rule that, before exceptions could be taken to a master's report, objections must be carried in before the master." And these objections must be in writing, specifying the points in which the party considers the report wrong. *Pennington* v. *Lord*

*Muncaster*, 1 Madd. 555 ; *Ottey* v. *Pensam*, 1 Hare, 322 ; *Bowker* v. *Nickson*, 3 Madd. 439. The rule has been adopted in practice by the courts of the United States, and of some, though not all, of the states. *Story* v. *Livingston*, 13 Pet. 366 ; *McMicken* v. *Perin*, 18 How. 510 ; *Gaines* v. *New Orleans*, 1 Wood, 104 ; *Byington* v. *Wood*, 1 Paige, 45 ; *Gordon* v. *Lewis*, 2 Sumn. 143 ; *Lewis* v. *Lewis*, 1 Ala. 35. "Strictly," says Mr. Justice Wayne, in the first of these cases, "in chancery practice, although it is different in some of our states, no exceptions to a master's report can be made which were not taken before the master ; the object being to save time, and to give him an opportunity to correct his errors or reconsider his opinion."

The practice in this state has been different. There is, in effect, no preliminary draft of the report made for examination by the parties, and no hearing of objections before the master. The master, with such lights as may be afforded him by oral or written statements of counsel in the progress of executing the reference, and often without any aid at all, makes up and files his report. The litigants examine it, and take such exceptions as occur to them, which are presented to the court when the cause is called for hearing. The court is thus deprived of the master's superior knowledge of the facts, and compelled to grope his way in the dark.

Under these circumstances the Chancellors undertook, in their new rules, passed into a law on the 16th of December, 1871, to remedy the evil partially by requiring the master, in his report, to "refer by page to the particular parts of the record upon which he bases each item allowed." But it is obvious that, in a large majority of items of every account, no such references are necessary. Exceptions are usually limited to a few items on one or both sides. To require the clerk to refer to all the evidence tending to support a long and complicated account of debits and credits would enormously increase his labors, and unnecessarily encumber the records of the court. There is no necessity

of reference, except as to disputed items. But what will be disputed items, under our practice, the master cannot know; though he may, in many instances, guess with some accuracy. In actual practice, as we all know, no references are made at all, and the judge is left to grope his way through the mass of testimony with the uncertain aid of argument directed more to sustain the client's interests than to aid the court. The judge ought to have the assistance of the master upon the disputed items, whose duty is to look at the evidence impartially, and whose preparation of the account for days, and it may be weeks, has made him familiar with all the *minutiæ* of the facts. I have concluded to modify our practice by the following rule:

Rule 28. It shall be the duty of counsel, upon filing exceptions to a master's report, where the exceptions are based upon evidence in the cause, to bring such exceptions at once to the notice of the master, and the master shall, thereupon, consider *instanter* such exceptions, and, if he thinks them well taken, make a supplemental report to that effect; and, if not, refer by page to the particular parts of the record upon which he bases each item excepted to.